## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JUAN DAVID CRUZ, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| RESIDENT RESEARCH, LLC ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |
| ) | |

### PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against Defendant Resident Research, LLC (hereafter "Resident Research"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.     Plaintiff Juan David Cruz is an adult individual residing in Aberdeen, NC.

5.     Defendant Resident Research is a business entity that regularly conducts business in the Eastern District of North Carolina, and which has its headquarters and a principal place of business located at 4400 Morris Park Drive, Suite M, Charlotte, NC 28227.

## FACTUAL ALLEGATIONS

6.     In or around May 2021, Plaintiff was attempting to secure a rental home in Pinehurst, NC.

7.     As part of the application to lease the home, the leasing company obtained a consumer report from Defendant.

8.     Defendant's report contained derogatory and inaccurate information about Plaintiff.

9.     The inaccurate information includes, but is not limited to, outdated and non-reportable information, along with the reporting of two felonies, Aggravated Battery with a Deadly Weapon, and Carjacking without a Firearm / Deadly Weapon, (hereafter "inaccurate information").

10.    The inaccurate information grossly disparages the Plaintiff and portrays him as a felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

11.    In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

12.    In fact, Defendant mixed the file of another consumer with that of Plaintiff. Even a rudimentary review of the criminal records would show that they do not belong to Plaintiff.

13.    Defendant has sold reports containing the inaccurate information to third parties since at least May 2021.

14. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

15. As a result of the inaccurate report Defendant sold to the leasing company in May 2021, Plaintiff was denied housing.

16. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was the sole factor for the denial.

17. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     At all times pertinent hereto, Defendant Resident Research is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

25.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

26. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Rashad Blossom*
RASHAD BLOSSOM, ESQ.
BLOSSOM LAW, PLLC
301 S. McDowell Street, Suite 1103
Charlotte, NC 28204
(704) 256-7766
rblossom@blossomlaw.com
Local Civil Rule 83.1(d) Counsel

Joseph L. Gentilcore, Esq.*
Francis Mailman Soumilas, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
E: jgentilcore@consumerlawfirm.com
*Application for admission
pro hac vice or Notice of Special Appearance
forthcoming*

Dated:  July 27, 2022

5